UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ROBERT FRAZIER VEREEN, a/k/a Pooh,
          *Defendant-Appellant.*

No. 99-4836

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-98-298-MU)

Submitted: August 12, 2002

Decided: August 30, 2002

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Norman Butler, Charlotte, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Frazier Vereen appeals the 292-month sentence he received after his guilty plea to conspiracy to possess an unspecified quantity of cocaine, cocaine base (crack), and marijuana with intent to distribute, 21 U.S.C. §§ 841, 846 (2000). He contends that the government's refusal to move for a substantial assistance departure, *U.S. Sentencing Guidelines Manual* § 5K1.1, p.s. (2001), was based on the unconstitutional motive of racial discrimination. We affirm.

Vereen was involved in a drug conspiracy during which, with his co-conspirators, he participated in an attempted robbery which resulted in the shooting death of the victim. While he was a suspect in the murder investigation, Vereen agreed to an interview by a state law enforcement agent and gave a detailed statement describing the murder. After Vereen was indicted on federal drug and firearms charges, the state murder charge was dropped. At the government's request, the district court agreed in December 1998 to release Vereen on unsecured bond with a special condition of house arrest and electronic monitoring. On January 4, 1999, he was released from custody. Vereen pled guilty to Count One of the federal indictment on March 31, 1999. His four co-conspirators pled guilty to the same charge at about the same time. Vereen's plea agreement provided that he would cooperate with the government, and that the government would determine in its sole discretion whether his assistance was substantial. The agreement further provided that "any determination that the defendant has failed to provide substantial assistance . . . is within the sole discretion of the United States, and the defendant waives all objections and rights of appeal or collateral attack of such a determination."

Vereen stipulated in the plea agreement that he was subject to a statutory maximum of life imprisonment, and that there was a factual basis for the guilty plea. At his Fed. R. Crim. P. 11 hearing, Vereen also stipulated that the quantity of drugs involved in the conspiracy reasonably foreseeable to him would subject him to a statutory sentencing range of ten years to life imprisonment. In calculating Vereen's guideline range, the probation officer relied on an information filed by the government in November 1998, which alleged that the

conspiracy involved more than five kilograms of cocaine, more than fifty grams of crack, and more than thirty pounds of marijuana. However, Vereen's base offense level was set at 43 because of a cross reference that accounted for the murder. USSG §§ 2D1.1(d)(1), 2A1.1. With an adjustment for acceptance of responsibility, his offense level decreased to 40. He was in criminal history category I, giving him a guideline range of 292-365 months. Vereen did not object to the guideline range calculation.

At sentencing, the government refused to move for a substantial assistance departure on the ground that Vereen provided no further assistance after he was released on bond, and because of reports that Vereen was selling drugs while on bond, had failed a polygraph test, and admitted to the state agent who initially interviewed him about the murder that he had been using marijuana regularly. Vereen's attorney moved to compel a substantial assistance motion based on his assistance in the murder investigation; Vereen denied any involvement with drugs after his release on bond.

The district court found that Vereen had provided substantial assistance, but that it could not compel the government to move for a substantial assistance departure because its refusal to do so was not based on an unconstitutional motive. Under *Wade v. United States*, 504 U.S. 181, 185-86 (1992), when the plea agreement gives the government discretion to determine whether the defendant has rendered substantial assistance, the sentencing court has authority to review the prosecutor's decision not to file a substantial assistance motion only if it finds that the decision was based on an unconstitutional motive such as race or religion. A claim that a defendant merely provided substantial assistance is not enough to gain a remedy, discovery, or an evidentiary hearing. *Id.* at 186. Moreover, "generalized allegations of improper motive" are insufficient; a defendant must make a "substantial threshold showing" to be entitled to discovery or an evidentiary hearing. *Id.* (citation omitted).

Vereen made no claim of improper motive at sentencing. He simply claimed that his assistance had been substantial. On appeal, he asserts that there is reason to believe that the government was motivated by racial discrimination because he is a black male while the homicide victim was a white female, the defendants who were prose-

cuted on federal charges are black males, and the two white females involved in the robbery were charged only in state court and received lesser sentences. The government responds that the white female co-conspirators were juveniles with minimal involvement in the drug conspiracy. On these facts, we cannot say that Vereen has made a substantial threshold showing of racial discrimination.

We also note that Vereen's 292-month sentence exceeds the twenty year statutory maximum sentence applicable to the offense pursuant to § 841(b)(1)(C) because the indictment did not charge the required threshold quantities of drugs for an enhanced sentence under § 841(b). *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *United States v. Promise*, 255 F.3d 150, 152 (2001) (en banc), *cert. denied*, 122 S. Ct. 2296 (2002). Vereen did not raise the issue in the district court and has not raised it on appeal. Even if we were to take up the issue, sua sponte, see Fed. R. Crim. P. 52(b), we would conclude that the error, while plain, does not require that the sentence be overturned because Vereen provided overwhelming and essentially uncontroverted evidence that he was responsible for at least the required threshold amounts by so stipulating. *See United States v. Cotton*, 122 S. Ct. 1781, 1786-87 (2002).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*